UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
AMERIS BANK,

Plaintiff,

-against-

MENDOZA MEDICAL LLC and LEONARDO MENDOZA III,

Defendants.
--------------------------------------------------------------------X

For Online Publication Only

**ORDER**
26-cv-02076 (JMA) (ARL)

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Ameris Bank ("Plaintiff") for a default judgment against Defendant Mendoza Medical, LLC ("Defendant" or "Mendoza LLC") in this action for breach of contract, conversion, estoppel and unjust enrichment.[1] (Compl., ECF No. 1.) For the following reasons, the Court GRANTS Plaintiff's motion for default judgment.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish Defendant's liability for breach of contract.

[1] Defendant Leonardo Mendoza III filed for Chapter 13 Bankruptcy on or about May 26, 2026, and Plaintiff moves for a default judgment against Mendoza LLC only.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that Plaintiff's submissions establish damages of $205,069.29—consisting of principal, late fees, and default interest through August 24, 2026—to a reasonable certainty. Additionally, pursuant to the terms of the contract between the parties, (ECF No. 16-10), the Court finds Plaintiff is entitled to immediate possession of the one (1) 202X Emface Workstation S/N: 785F9B000390 (the "Collateral") as set forth in the agreement.

Plaintiff has also moved for attorneys' fees in the sum of $14,088.59. Pursuant to the contract between the parties, (ECF No. 16-10), Defendant is liable to Plaintiff for contractual attorneys' fees and costs incurred. The Court finds that the requested attorneys' fees are reasonable and supported by Plaintiff's submissions. (See ECF Nos. 16-7, 16-8.)

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a Default Judgment against Defendant is GRANTED. Defendant is liable to Plaintiff for $205,069.29 in damages and $14,088.59 in attorneys' fees for a total judgment of $219,157.88 and Plaintiff is hereby awarded possession of the Collateral as defined in the Complaint. The Clerk of Court shall, upon request with seven (7) days' notice to Defendant, issue a Writ of Execution directing the US Marshal Service to seize the

Collateral. The Clerk of Court shall enter judgment against Mendoza LLC pursuant to Federal Rule of Civil Procedure 54(b) because there is no just reason for delay here. The Clerk of Court shall mail a copy of this Order and the corresponding judgment to Mendoza LLC.

**SO ORDERED.**

Dated: November 12, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE